UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
MOHAMMED HASSAN,                                           :
                                                           :     **DECISION & ORDER**
       Appellant,      :     15-cv-1817 (WFK)
                                                           :
  -against-                                      :
                                                           :
RICHARD E. O'CONNELL, Chapter 7 Trustee                    :
of MOHAMMED HASSAN                                         :
                                                           :
       Appellee.       :
-----------------------------------------------------------------X
**WILLIAM F. KUNTZ, II, United States District Judge:**

  On April 3, 2015, Mohammed Hassan ("Appellant") filed a notice of appeal challenging the bankruptcy court's order approving a settlement between Trustee Richard E. O'Connell ("Appellee") and Creditor Yair Kerstein ("Creditor") with respect to a foreclosure judgment obtained on Appellant's property located at located at 114-20 101st Avenue, Richmond Hill, New York (the "Property"). Dkt. 1 ("Notice of Appeal"); Dkt. 8 ("Appellant's Brief") at 2-4. The Court assumes the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review. *See In re Hassan*, 527 B.R. 97 (Bankr. E.D.N.Y. 2015) (Craig, J.). Appellant now requests the Court set aside the bankruptcy order approving the settlement. Appellant's Brief at 19. That issue, however, is moot.

  "There is no requirement that an appellant obtain a stay as a precondition to a bankruptcy appeal. However, absent a stay, the law is clear that once a foreclosure sale has taken place, the appeal from a bankruptcy court's order is moot. An appeal is considered moot where the [C]ourt has no remedy that it can fashion even if it would have determined the issues differently. Therefore, where an appellant does not obtain a stay pending appeal of an order of dismissal, a

subsequent foreclosure of the property at issue leaves the [C]ourt unable to grant effective relief and consequently renders the appeal moot and subject to dismissal." *Squires Motel, LLC v. Gance*, 426 B.R. 29, 32-33 (N.D.N.Y. 2010) (Sharpe, J.) (internal quotation marks, citations, and brackets omitted).

Here, no stay was obtained on the Property by Appellant, and the Property was sold prior to the commencement of this action. *See* Referee's Deed, *In re Hassan*, 527 B.R. 97 (E.D.N.Y. Bankr. (Bo. 12-BK-43627), Dkt. No. 98 of 12-BK-43627 (Referee's deed for property located at 114-20 101st Avenue, Richmond Hill, New York); *see also* Dkt. 15 ("Appellee's Brief") at 12-14. Because the sale of the Property leaves the Court without any way to grant effective relief, Appellant's bankruptcy appeal is moot. See *Gance*, 426 B.R. at 32-33.

Appellant's only challenge to the mootness argument is that the Bankruptcy Court for the Eastern District of New York had no jurisdictional power to approve the settlement between Appellee and Creditor under the *Rooker-Feldman* doctrine. Appellant's Brief at 4-71; *see also* Dkt. 18 ("Appellant's Reply Brief") at 4-7. Appellant's argument, however, is without merit. Appellant has previously raised this argument, which the Bankruptcy Court rejected. *See In re Hassan*, 527 B.R. at 102. This Court finds no legal error in the Bankruptcy Court's decision. *See In re Cavalry Const., Inc.*, 428 B.R. 25, 29 (S.D.N.Y. 2010) (Karas, J.) ("Pursuant to Bankruptcy Rule 8013, a District Court reviews a bankruptcy court's conclusions of law *de novo* and reviews findings of fact for clear error.") (citation omitted, italics added). The *Rooker-Feldman* doctrine provides that "lower federal courts lack subject matter jurisdiction over a case if the exercise of jurisdiction over that case would result in the reversal or modification of a state court judgment." *In re Ivani*, 308 B.R. 132, 136 (Bankr. E.D.N.Y. 2004) (Strong, J.) (internal quotation marks and citations omitted). In this case, Appellee did not seek to reverse or modify

the state court foreclosure judgment. Instead, Appellee sought to use the Bankruptcy Court to approve a settlement relating to the Property. Such acts are within the Bankruptcy Court's jurisdiction. *See, e.g., In re Allou Distributors Inc.*, 2012 WL 6012149, at *6 (Bankr. E.D.N.Y. Dec. 3, 2012) (Craig, J.). Accordingly, Appellant's bankruptcy appeal is DISMISSED as moot.

**SO ORDERED**

s/WFK

HON. WILLIAM F. KUNTZ, II
UNITED STATES DISTRICT JUDGE

Dated: September 28, 2015
      Brooklyn, New York